UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In the Matter of the Complaint of ArmstrongLOW, Inc., Owner of the Motor Vessel "KEEPING IT KEEL II" FOR Exoneration From or Limitation of Liability, | COURT FILE #: 0:22-CV-00350 (NEB-LIB) |
| | IN ADMIRALTY |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** |

## INTRODUCTION

Counsel[1] for Garrin Anderson moves to withdraw from representing

claimant Garrin Anderson under LR 83.7.  Counsel refers the Court to the

Affidavit of Alicia N. Sieben (Doc. 56) in which she states that professional

consideration and the provisions of the Minnesota Rules of Professional

Conduct and the Federal Rules of Civil Procedure inform her decision.

## ARGUMENT

Local Rule 83.7 provides that counsel may withdraw from

representation of a client if that client is represented by multiple attorneys

and one of them will remain as the parties' attorney after the withdrawal of

another attorney.  LR 83.7(a).  Or an attorney may withdraw when another

---

[1] "Counsel" in this and related documents refers to Alicia N. Sieben, James S. Ballentine, Matthew J. Barber, and the Schwebel, Goetz & Sieben Law Firm.

attorney has agreed to substitute for the withdrawing attorney.  LR 83.7(a) LR 83.7(b).  Neither LR 83.7(a) nor LR 83.7(b) apply here.

Counsel moves to withdraw without substitution under LR 83.7(c). Local Rule 83.7(c) provides that withdrawal from counsel without substitution "may be granted only by motion made before the Court, for good cause shown." There is no ready definition for "good cause" and therefore it must be evaluated on a case-by-case basis by "examining the reasons proffered for the asserted need to withdraw." *Gold's Gym Licensing, LLC v. K-Pro Mktg. Group, Inc.*, No. 09-cv-1211 (PJS/RLE), 2009 U.S. Dist. LEXIS 100110, 2009 WL 3520858 (D. Minn. Oct. 26, 2009) citing *Spearman v. Salminen*, 379 N.W.2d 627, 632 (Minn. App. 1986).

This Court has observed that "[w]hat constitutes 'good cause' for withdrawal of counsel, without substitution, cannot be readily defined, or categorized, but must be evaluated on a case-by-case basis, and determined by examining the reasons proffered for the asserted need to withdraw." *LNV Corp. v. Outsource Serv. Mgmt., LLC,* 2019 U.S. Dist. LEXIS 98182 * 18-19, quoting *Cabo Holdings, LLC v. Engelhart*, No. 07-cv-3524 (PJS/RLE), 2008 U.S. Dist. LEXIS, 2008.  "[O]nce an attorney has noted his or her appearance in this Court ..., the Court requires control over whether the litigant should continue to be represented by that attorney." *LNV Corp. v. Outsource*, 2019 U.S. Dist. LEXIS  98182, *19.  "Without such control, the Court's ability to manage its calendar and to administer justice, would unavoidably suffer." *Id.*

In the District of Minnesota, "we apply the Minnesota Rules of Professional Conduct in appraising the behavior of attorneys who practice before [the federal courts]." Magistrate Judge Raymond L. Erickson in *Vision Trading, LLC v. Spanton*, No. 06-CV-3775 (DWF/RLE). Magistrate Erickson observed that the Minnesota Rules of Professional Conduct "recognize circumstances which mandatorily commend the withdrawal of counsel...." Referencing Rule 1.16 (a), Minnesota Rules of Professional Conduct; *Vision Trading, LLC v. Spanton*, No. 06-CV-3775 (DWF/RLE).   See also *LNV v. Outsource*, 2019 U.S. Dist. LEXIS 98182 * 19 citing *Luiken v. Domino's Pizza*, No. 09-CV-516 (DWF/AJB). "[T]he conduct of attorneys practicing in this District is governed by the Minnesota Rules of Professional Conduct."

Minnesota Rule of Professional Conduct 1.16 is entitled "Declining or Terminating Representation." *Id.* The Terminating Representation Rule requires that "a lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation." MRP 1.16(c). It is the language in Rule 1.16 (c) and LR 83.7 (c), that require this motion.

When Minnesota Federal District Courts address withdrawal motions, the Courts take note of the movant's reliance upon the Minnesota Rules of Professional Conduct. *Vision Trading, LLC v. Spanton*, No. 06-cv-3775 (DWF/RLE), 2007 U.S. Dist. LEXIS 108628, at *7 ("Good cause exits where counsel cannot adequately represent the client without traversing the Rules of Professional Conduct"). "Whether the prosecution of the suit is [likely to be]

- 3 -

disrupted by the withdrawal of counsel" is also something that the Courts will typically consider. *LNV Corp. v. Outsource Serv. Mgmt., LLC*, No. 13-cv-1926 (JNE/LIB), 2019 U.S. Dist. LEXIS 98182, at *19. Perhaps most important, Comment 3 To Minnesota Rule of Professional Conduct 1.16, provides in part: "The Lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient." See *Id.*

In *LNV Corp.*, Magistrate Judge Brisbois granted a motion to withdraw under the good cause standard for several reasons. First, the party that movant represented had agreed to counsel's withdrawal. *LNV Corp.*, 2019 U.S. Dist. LEXIS 98182, * 19-20. Second, the attorney's withdrawal of representation did not prejudice the party he represented. *Id.* at 20. Finally, Judge Brisbois found that counsel's withdrawal without substitution did not prejudice the Court. *Id.*

The reasons for granting this motion may differ in some respects from those in *LNV Corp.*, but those differences should not jeopardize a grant of counsel's motion. Most important, counsel for claimant asks that they be allowed to withdraw because of professional considerations related to the Federal Rules of Civil Procedure and the Minnesota Rules of Professional Conduct. See Affidavits of Alicia N. Sieben, James S. Ballentine and Matthew J. Barber. The factual basis for this belief has been submitted to the Court through the Affidavit of Alicia N. Sieben. Second, Mr. Anderson will not be prejudiced by the withdrawal as trial is not scheduled until October 31, 2023,

at the earliest and discovery deadlines have been and can be extended.  This would leave Mr. Anderson with plenty of time to find another attorney.  Third, this Court will not be prejudiced.  As Magistrate Brisbois observed in *LNV Corp.*, this Court has the ability to manage its calendar.  See *LNV Corp. v. Outsource*, 2019 U.S. Dist. LEXIS 98182 * 19.  Magistrate Brisbois will do so here if this motion is granted. For these reasons, counsel respectfully asks that their motion be granted.

## CONCLUSION

For all of the above reasons, Counsel respectfully asks this Court to grant their withdrawal motion.

I hereby acknowledge that sanctions may be awarded pursuant to Minn. Stat § 549.211.

SCHWEBEL, GOETZ & SIEBEN, P.A.

Dated:  March 3, 2023

By s/ James S. Ballentine
Alicia N. Sieben (#389640)
James S. Ballentine (#209739)
ATTORNEYS FOR CLAIMANT
5120 IDS Center
Minneapolis, Minnesota  55402-2246
Telephone:  612-377-7777
Fax:  612-333-6311
Email:  asieben@schwebel.com
Email:  jballentine@schwebel.com